IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

UNITED STATES OF AMERICA

v.

RASHAD DOMINIQUE SMITH

IN THE MATTER OF THE SEARCH OF:
**Cobra DVR System, SN #369471818**

Case No. 7:20mj25

**AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A SEARCH WARRANT**

I, Keith J. Teehan being duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I, Keith J. Teehan, am a Special Agent with the Bureau of Alcohol, Tobacco, and Firearms and Explosives (ATF), and have been since 2010. I have successfully completed the Criminal Investigator Training Program and ATF Special Agent Basic Training at the ATF National Academy, held at the Federal Law Enforcement Training Center. I have been employed in a Law Enforcement capacity since 1996 as a Deputy Sheriff, Police Officer and Special Agent. I have received training in various aspects of law enforcement, in particular arson, explosives, narcotics and firearms investigations. Since becoming an ATF Special Agent,

RSB 1/22/2020

I have provided sworn testimony before the Federal Grand Jury and in the United States District Court in reference to violations of the Federal Firearms and Narcotics laws. I have been involved in numerous firearms and narcotics trafficking investigations and have participated in numerous federal and state search warrants involving firearms and narcotics.

3. The facts of this affidavit come from my own involvement in this investigation as well as a review of law enforcement incident reports and conversations with other law enforcement officers and witnesses. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

**IDENTIFICATION OF DEVICE TO BE EXAMINED**

4. This affidavit is submitted in support of a search warrant to authorize the search of a Cobra DVR System, SN #369471818 (hereinafter referred to as the "Device"). This device is currently in ATF Custody located at 310 First St., S.W., Roanoke Virginia.

5. The applied for warrant would authorize a forensic examination of the Device for purposes of identifying electronically stored data particularly described in Attachment B.

**PROBABLE CAUSE**

6. On or about January 16, 2019, members of the Roanoke Valley Regional Drug Unit (RVRDU) conducted a controlled purchase of narcotics from Rashad SMITH. Members of the RVRDU, utilizing two confidential informants (CIs), contacted Rashad SMITH via mobile phone number 540-597-3833 and arranged to meet at the Peters Creek Car Wash located at 2388 Peters Creek Road, Roanoke, Virginia and purchase one (1) gram of heroin.

7. On or about January 16, 2019, under the direction and surveillance of the RVRDU, the CIs met with SMITH at the Peters Creek Car Wash. SMITH provided one of the CIs with



RS 1/22/2020

.358 grams of heroin, and the CIs provided SMITH with $150.00. The transaction took place at the driver's side window of a black Nissan Maxima bearing a Virginia temporary license numbered 73590E, and operated by SMITH. Although a CI was equipped with video recording devices, SMITH's face was not captured during his interaction with the CI(s). The CI(s) nevertheless indicated that SMITH was the person who provided him/her with the heroin. And SMITH was observed driving the same vehicle the next day.

8. The CI(s) was motivated by a desire to obtain leniency or other consideration for a pending felony larceny charge(s) he/she was facing. The CI(s) also conducted the controlled purchases referenced in Paragraph Eleven of this Affidavit. Subsequent to becoming an informant, and prior to the CI(s) conducting the controlled purchases referenced herein, the CI(s) obtained an additional felony larceny charge. In August 2019 the CI(s) was found to be in possession of heroin and driving without a license. The information the CI(s) provided to law enforcement however was deemed to be reliable based upon his/her ability to conduct the controlled purchases referenced herein and other information the CI(s) supplied about an unrelated investigation.

9. As a result of this controlled purchase a federal grand jury returned a True Bill on an indictment charging SMITH with distributing a mixture and substance containing a detectable amount of heroin in violation of Title 21 United States Code Sections 841(a)(1) and (b)(1)(C).

10. According to the Roanoke City Police Report associated with this offense, after the controlled purchase took place, law enforcement followed SMITH'S vehicle to a residence located at 419 Eugene Drive, N.W., Roanoke, Virginia. To date I have not been able to ascertain what law enforcement officer followed SMITH'S vehicle to this residence.

RS 1/22/2020

11. On December 12, 2018, December 14, 2018 and January 3, 2019, the RVRDU conducted controlled purchases of heroin from Arthur Lee Smith, SMITH'S cousin, at 419 Eugene Drive, N.W., Roanoke, Virginia. After recovering a quantity of suspected heroin (field tested positive) from an individual leaving this residence on or about January 16, 2019, who advised they had purchased the heroin from "Autty"—known to law enforcement as Arthur Lee Smith, the RVRDU obtained a Commonwealth of Virginia Search Warrant for 419 Eugene Drive, N.W., Roanoke, Virginia in relation to suspected narcotics violations.

12. During the execution of that search warrant on January 17, 2019 law enforcement recovered, among other items, a small quantity of heroin, a firearm, ammunition, and United States currency. As a result Arthur Smith was subsequently indicted by a federal grand jury and on July 11, 2019 he pled guilty to Possessing with Intent to Distribute Heroin in violation Title 21, United States Code §§ 841(a)(1) and (b)(1)(C) and Possessing Ammunition after having been convicted of a felony in violation of Title 18, United States Code, Section 922(g)(1). His plea agreement did not call for the forfeiture of the Device.

13. During the execution of that search warrant, in the master bedroom, on a night stand below the television at the foot of the bed, law enforcement also found and seized a Cobra DVR system, SN# 369471818. The Device's video cameras were positioned to observe all common access points of the residence which included two separate angles of the front porch, the car port area, and the rear entrance into the basement of 419 Eugene Drive. See included photo.

RSB 1/22/2020



14. Sgt. Ashby with the Roanoke City Police Department observed that four exterior video cameras at the residence were able to be viewed from the television in the master bedroom. He further observed that all four cameras were recording as indicated by the red dots on the photograph above.

15. The Cobra DVR system SN# 369471818 is a model 63890. This model is an 8 channel surveillance DVR system with four (4) high definition cameras and mobile monitoring capabilities. The DVR system is equipment with a 1TB hard drive, can record in both daylight and night time, and has three recording modes which include normal, motion and alarm.

16. While your affiant does not know the exact manner in which the Device was configured (i.e. if surveillance video was saved and if so, for how long) based upon the positioning of the cameras, the seizure of the Device within one day of when SMITH'S vehicle was observed arriving at the residence after he is alleged to have distributed heroin, and the Device's capability to record and save surveillance footage, I believe that if the Device did in fact save recordings for a period of time there is a strong possibility that SMITH will be observed on video arriving at the residence.

17. The Device is currently in the lawful possession of the ATF. Although the ATF might already have the authority to examine the Device pursuant to the state search warrant, I seek this

RSB 1/22/2020

warrant out of an abundance of caution to be certain that an examination of the Device will comply with the Fourth Amendment and other applicable laws.

18. The Device is currently in storage in the evidence vault located at the ATF Roanoke Field Office on 310 First St., S.W., Roanoke, Virginia. Based upon my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the ATF.

19. *Forensic Evidence*. Based on the foregoing, I believe the Device would contain information that constitutes records, fruits, instrumentalities, or evidence of a crime involving SMITH, to wit, the distribution of a mixture and substance containing a detectable amount of heroin in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). Therefore I am respectfully requesting that a search warrant be issued for the seizure of stored content relating to drug trafficking and SMITH'S presence at the 419 Eugene Drive, N.W., Roanoke, Virginia address on January 16, 2019, including but not limited to the items listed on Attachment B.

20. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the Device to human inspection in order to determine whether it is evidence described by the warrant.

21. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve

RSB 1/22/2020

the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

**CONCLUSION**

22. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

Keith J. Teehan
Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me on the 22nd day of January 2020.

HONORABLE ROBERT S. BALLOU
UNITED STATES MAGISTRATE JUDGE